UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:20 CR 57 |
| | ) | |
| JARRON D PRICE | ) | |

**OPINION and ORDER**

This matter is before the court on defendant Jarron Price's motion to suppress. (DE # 30.) For the reasons that follow, defendant's motion will be denied.

**I.      BACKGROUND**

Following a traffic stop of a vehicle in which he was a passenger, Price was charged with knowingly possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). (DE # 16.) Price now moves to suppress all statements made during or subsequent to his arrest, all tangible items that were seized from him during his arrest – including the firearm, and the testimony of all law enforcement officers regarding his arrest and the search of his person and vehicle. (DE # 30.)

Price argues that Detective Sergeant John Riordan conducted the traffic stop in violation of Indiana law. (*Id.* at 1-2.) The parties agree that on the day of Price's arrest, Detective Sergeant Riordan was driving an undercover Hammond Police Department vehicle and was wearing plain clothes. (*Id.* at 2; DE # 34 at 1.) Price argues that the traffic stop violated Indiana Code § 9-30-2-2, which prohibits a law enforcement officer from making an arrest, or issuing a traffic information and summons, for a violation of an Indiana state or local traffic law unless, at the time of the arrest, the officer is

wearing a distinctive uniform and badge of authority, or is operating a motor vehicle that is clearly marked as a police vehicle. This section does not apply when there is a uniformed officer present at the time of the arrest. Ind. Code § 9-30-2-2.

The parties dispute whether Detective Sergeant Riordan made the stop, or whether Officer Huerta, a uniformed officer driving a marked police vehicle, conducted the stop. (*See* DE # 34 at 2.) This dispute is immaterial because Price's motion to suppress must be denied as a matter of law, regardless of whether there was a uniformed officer at the scene when Price's vehicle was stopped.

## II.    DISCUSSION

### A.    *No Hearing Required*

As a preliminary matter, this court will deny Price's request for a hearing. "A defendant who requests a suppression hearing must present definite, specific, detailed, and nonconjectural facts . . . demonstrat[ing] that there is a disputed material issue of fact. Reliance on vague, conclusory allegations is insufficient." *United States v. Clark*, 935 F.3d 558, 568 (7th Cir. 2019) (internal citations and quotation marks omitted). *See also United States v. Martin*, 422 F.3d 597, 602 (2005) ("Evidentiary hearings are necessary only when the party requesting the hearing identifies a significant, disputed factual issue that must be resolved.").

Here, Price has not identified any disputed material issue of fact. As discussed in the following section, even assuming that events transpired in the manner that Price alleges, Price has not identified any violation of his constitutional rights. Because Price has not raised any material factual dispute on which the resolution of this motion

depends, the court will rule on the motion without a hearing. *See Martin*, 422 F.3d at 603.

      B.     *Motion to Suppress*

Price's motion to suppress must be denied. Even if this court assumes that there was no uniformed officer, or officer in a marked police vehicle, at the time of the traffic stop, the fact that the traffic stop violated § 9-30-2-2 would be irrelevant. "[F]ederal standards control the admissibility of evidence in a federal prosecution even though the evidence was seized by state officials and would not be admissible in state court." *United States v. Singer*, 943 F.2d 758, 761 (7th Cir. 1991). "[I]t is not the province of the Fourth Amendment to enforce state law." *Virginia v. Moore*, 553 U.S. 164, 178 (2008) ("[W]hile States are free to regulate [warrantless arrests] however they desire, state restrictions do not alter the Fourth Amendment's protections."). The Seventh Circuit has "held repeatedly that evidence may be used whether or not its acquisition violated state law." *United States v. Wilderness*, 160 F.3d 1173, 1175 (7th Cir. 1998); *see also United States v. Bruce*, 550 F.3d 668, 673 (7th Cir. 2008); *United States v. Quintanilla*, 218 F.3d 674, 679 (7th Cir. 2000); *United States v. Delaporte*, 42 F.3d 1118, 1119 (7th Cir. 1994).

Here, Price's only argument in support of his motion to suppress is that the traffic stop violated § 9-30-2-2. Price does not argue that the officers lacked probable cause to conduct the stop in the first instance. And, as Price concedes in his reply, there is no federal requirement that a uniformed officer, or an officer in a marked police vehicle, conduct a traffic stop or other seizure. *See e.g. Whren v. United States*, 517 U.S.

806, 817 (1996) (police officers acted reasonably in stopping the defendant's car, even though they violated regulations limiting the authority of plainclothes officers in unmarked vehicles); *Mudd v. City of Fort Wayne*, 732 F. App'x 471, 472 (7th Cir. 2018) (plaintiff's allegation that officer violated § 9-30-2-2 could not provide a basis for a Fourth Amendment claim); *Bridgewater v. City of Indianapolis*, No. 114CV01370JMSMJD, 2016 WL 1117646, at *9 (S.D. Ind. Mar. 22, 2016) (rejecting argument that § 9-30-2-2 affected the constitutionality of traffic stop). Because Price has not identified any federal basis on which the evidence should be suppressed, his motion must be denied.

### III. CONCLUSION

For the foregoing reasons, the court **DENIES** defendant Jarron Price's motion to suppress. (DE # 30.)

## SO ORDERED.

Date: October 30, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

4